# EXHIBIT A

Case 4:21-cv-01603   Document 1-2   Filed on 05/14/21 in TXSD   Page 2 of 6

4/16/2021 8:24 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52522370
By: Cecilia Thayer
Filed: 4/16/2021 8:24 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **GABRIEL XAVIER** § | | **IN THE DISTRICT COURT** |
| *Plaintiff* § | | |
| § | | |
| vs. § | | \_\_\_\_ **JUDICIAL DISTRICT** |
| § | | |
| **HOME DEPOT U.S.A., INC.** § | | |
| *Defendant* § | | **HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW**, GABRIEL XAVIER, hereinafter called Plaintiff, complaining of and about HOME DEPOT U.S.A., INC., hereinafter called Defendant, and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.  Plaintiff intends that discovery be conducted under Discovery Level II.

### II. PARTIES AND SERVICE

2.  Plaintiff, GABRIEL XAVIER, is an Individual who lives in Texas.

3.  Defendant, HOME DEPOT U.S.A., INC., is a corporation authorized to do business in Texas and may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX 78701-3218.

### III. JURISDICTION AND VENUE

5.  The subject matter in controversy is within the jurisdictional limits of this court.

6.  This court has jurisdiction over Defendant because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of

jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7. Plaintiff would show that Defendant had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

8. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

7. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV.  FACTS

8. On 8.5.19, Plaintiff, an employee of the Home Depot located at 1111 N Fry Rd, Katy, TX 77449, was injured on job location. Plaintiff was in the process of securing a returned boom lift, property of Home Depot, when the lift fell on his foot causing serious and permanent injuries.

### V.  PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST HOME DEPOT U.S.A., INC.

9. Defendant HOME DEPOT U.S.A., INC. had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

10. Plaintiff's injuries were proximately caused by Defendant HOME DEPOT U.S.A., INC.'s negligent, careless and reckless disregard of said duty.

11. The negligent, careless and reckless disregard of duty of Defendant HOME DEPOT U.S.A., INC. consisted of, but is not limited to, the following acts and omissions:

    A. In that Defendant failed to use ordinary care in providing a reasonably safe work environment;

    B. In that Defendant failed to use ordinary care in establishing rules and regulations for an employee's safety when the business is complex or hazardous of when the dangers incident to the work are not obvious or of common knowledge;

    C. In that Defendant failed to use ordinary care in warning employees of the hazards of employment that are not commonly known or appreciated by the employees;

    D. In that Defendant failed to use ordinary care in furnishing reasonably safe machinery or instrumentalities;

    E. In that Defendant failed to use ordinary care in supervising an employee's activities;

    F. In that Defendant failed to use ordinary care in providing employees adequate help in the performance of work;

    G. In that Defendant failed to use ordinary care in warning employees of the hazards of employment that are commonly known or already appreciated by the employees.

## VI.  DAMAGES FOR PLAINTIFF

16. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief of over $1,000,000.00 but not more than $10,000,000.00:

    A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   C.   Physical pain and suffering in the past;

   D.   Physical pain and suffering in the future;

   E.   Loss of earnings in the past;

   F.   Loss of earning capacity which will, in all probability, be incurred in the future;

   G.   Mental anguish in the past;

   H.   Mental anguish in the future.

## VII.  DEMAND FOR TRIAL BY JURY

17.   Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## VIII.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, GABRIEL XAVIER, respectfully prays that the Defendant, HOME DEPOT U.S.A., INC., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

LOWENBERG LAW FIRM

By:  /s/ *Michael J. Lowenberg*
MICHAEL J. LOWENBERG
Texas Bar No. 24001164
Mike@thetexastriallawyers.com
KEITH N. BAKKER

>Texas Bar No. 24082444
>Keith@thetexastriallawyers.com
>5433 Westheimer Road, Suite 900
>Houston, Texas 77056
>Telephone: 1-832-241-6000
>Facsimile: 1-832-241-6001
>**ATTORNEYS FOR PLAINTIFF**